# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **APPRAISAL MANAGEMENT COMPANY III, LLC dba AMCO,** | ) ) ) | CASE NO. 1:04 CV 1158 |
| **Plaintiff,** | ) ) | JUDGE NUGENT |
| v. | ) ) ) | |
| **FNC, INC.,** | ) ) | |
| **Defendant.** | ) ) | |

### DEFENDANT FNC, INC.'S MOTION FOR CONTEMPT SANCTIONS AGAINST PLAINTIFF APPRAISAL MANAGEMENT COMPANY III, LLC dba AMCO, AND ITS PATENT COUNSEL HOWREY SIMON ARNOLD & WHITE LLP

Pursuant to Fed. R. Civ. P. 37(b)(2)(D), defendant FNC, Inc. ("FNC") hereby moves the Court for an order treating as contempt, and imposing appropriate sanctions for, the willful failure of AMCO and its patent counsel, Howrey Simon Arnold & White, LLP ("Howrey"), to disclose AMCO's eValu patent application file to FNC, as ordered by this Court on March 18, 2005.

Pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1, the undersigned certify that counsel has attempted in good faith to resolve this dispute without court intervention, as detailed in the attached supporting memorandum, but those efforts have been unsuccessful.

A Memorandum in support of this Motion is attached.

        Respectfully submitted,

/s/ Horatio G. Mihet
Stephen D. Williger (0014342)
  *Stephen.Williger@ThompsonHine.com*
Robert F. Ware (0055515)
  *Robert.Ware@ThompsonHine.com*
Horatio G. Mihet (0075518)
  *Harry.Mihet@ThompsonHine.com*
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
(216) 566-5500 – Phone
(216) 566-5800 – Fax

Attorneys for Defendant, FNC, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **APPRAISAL MANAGEMENT COMPANY, III, LLC dba AMCO,** | ) ) ) | **CASE NO. 1:04 CV 1158** |
| Plaintiff, | ) ) ) | **JUDGE NUGENT** |
| v. | ) ) | |
| **FNC, INC.,** | ) ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT
FNC, INC.'S MOTION FOR CONTEMPT SANCTIONS**

AMCO and its patent counsel, Howrey Simon Arnold & White, LLP, are willfully violating this Court's March 18, 2005 Order requiring Howrey to produce its patent application files for AMCO's eValu product.  FNC requests that the Court impose an appropriate sanction to compel compliance with its Order.

AMCO's many discovery abuses in this action are documented in detail in FNC's pending Motion for Sanctions.  FNC is filing this separate motion as to the Howrey subpoena because the noncompliance involves AMCO and a non-party to that motion.  FNC believes that Howrey's refusal to obey the Court's Order has been directed by AMCO, and FNC requests that the Court make clear that it is ordering Howrey to comply with the subpoena and not to follow any improper instructions by AMCO to the contrary.

Therefore, FNC requests that the Court set a clear deadline for Howrey's compliance with the subpoena and impose automatic contempt sanctions, such as a significant *per diem* fine, in the event of further noncompliance.  FNC also requests an award of its fees and costs incurred in connection with this motion and in responding to AMCO's frivolous motion to quash.  In the

alternative, the Court should grant the relief already requested by FNC in its pending Motion for Sanctions: dismissal of AMCO's lawsuit and imposition of all defense costs and fees upon AMCO. While the requested relief is serious, it is clear that absent some meaningful sanction, AMCO and those in concert with it will continue to defy the Court's orders.

## BACKGROUND

Since the inception of this litigation, FNC has attempted in good faith to obtain AMCO's patent application for its eValu product, to discover, among other things, the exact nature of the trade secrets AMCO alleges were stolen and whether those alleged secrets are in fact proprietary or merely a compilation of information available in the public domain.

FNC requested the patent application documents directly from AMCO, but it has thus far refused to provide them. FNC therefore filed a Motion to Compel production of – among other things – AMCO's eValu patent file (Dkt. 15), which this Court granted on December 17, 2004 (Dkt. 14). Although that Order was entered more than four months ago, to date AMCO has refused to produce its eValu patent application, as well as the other information and documents it was ordered to produce. AMCO's defiance of that Order – and several others – is the subject of FNC's pending Motion for Sanctions, filed February 1, 2005.

In the meantime, FNC also subpoenaed the eValu patent application documents from AMCO's patent counsel, the law firm of Howrey Simon Arnold & White, LLP. FNC's Subpoena was served upon Howrey on December 20, 2004 (attached as Exhibit A). Following its receipt of the subpoena, Howrey – at the direction of, and in concert with, AMCO – embarked on the same course of obstruction, obfuscation and delay that AMCO has taken in this litigation.

Howrey first served written objections to FNC's Subpoena (attached as Exhibit B), which were largely the same as AMCO had raised previously and that the Court rejected. In addition, Howrey incredulously took the position that the documents sought were available

directly from AMCO, despite undoubtedly knowing that AMCO was openly defying the Court's December 17, 2004 Order mandating their production.  FNC responded to Howrey's objections with authorities showing that they were baseless and that disclosure was required.  (Mihet Ltr. to Bell, February 2, 2005, attached as Exhibit C).

Thereafter, on February 14, 2005, AMCO filed a Motion to Quash FNC's Subpoena in this Court (Dkt. 22), advancing the same relevance and secrecy arguments it and Howrey had made before.  The following day, Howrey indicated its consent to allow AMCO to litigate the issue of Howrey's compliance with FNC's Subpoena in this Court.  (Bell Ltr. to Mihet, February 15, 2005, attached as Exhibit D).

Following FNC's Opposition (Dkt. 28), the Court rejected AMCO's arguments that its eValu patent application is privileged or not relevant to this lawsuit and properly denied AMCO's Motion to Quash (Dkt. 33).  Moreover, the Court's March 18, 2005 Order mandated that "**all subpoenaed material be turned over**"  (*Id.*) (emphasis added).

FNC informed Howrey of the Court's March 18, 2005 Order on March 25, 2005, and requested again that the patent application file be produced.  (Mihet Ltr. to Bell, March 25, 2005, attached as Exhibit E).  Instead of complying, Howrey first indicated that AMCO had instructed it not to produce the subpoenaed materials because AMCO was appealing the Court's Order.  (Bell Voicemail to Mihet, April 6, 2005, transcript attached as Exhibit F).  FNC then informed Howrey that no such appeal had been taken and that the Court's Order was still in full force.  (Mihet Ltrs. to Bell, April 8 and 12, 2005, attached as Exhibits G and H, respectively).  The response was predictable:  Howrey informed FNC that it was now under a continuing instruction from AMCO not to comply with the Court's Order, because AMCO "continues to oppose" it.  (Bell Ltr. to Mihet, April 14, 2005, attached as Exhibit I).

3

FNC then made one last attempt to secure AMCO's and Howrey's compliance with the Court's Order, by warning AMCO that its continuing interference with Howrey's duty to comply would lead to this motion for contempt sanctions.  (Ware Ltr. to Houston, April 18, 2005, attached as Exhibit J).  AMCO initially promised to respond to this letter, but has failed to do so.

## LAW AND ARGUMENT

**A.     Howrey and AMCO have Willfully Failed to Obey the Court's Order.**

Rule 37(b)(2)(D) of the Federal Rules of Civil Procedure provides, in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: (D) . . . an order treating as contempt of court the failure to obey any orders.

The Court's contempt powers extend beyond parties to a pending lawsuit.  *See e.g.*, *Electrical Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Electric Service Co.*, 340 F.3d 373, 383 (6th Cir. 2003) (holding that district court abused its discretion in not holding non-party agent in contempt of order directed to its principal because "it is fully appropriate to impose judicial sanctions on [a] nonparty corporate officer"); *U.S. v. Hochschild*, 977 F.2d 208, 211-212 (6th Cir. 1992) (holding that non-party agents of a party may be held in contempt for failure to obey court orders if they have notice of the underlying order).

It is undisputed that both AMCO and Howrey have failed to obey the Court's March 18, 2005 Order directing that Howrey turn over to FNC all of the materials subpoenaed by FNC.  Almost six weeks have passed without any compliance, and the parties have made clear their intent not to comply with the Order, but to "continue to oppose" it.  Such "continued opposition" at this point can only take the form of open defiance, because AMCO has exhausted every legal remedy it has against the disclosure it was ordered to make.

4

**B.      Contempt Sanctions Should be Imposed Against Both Howrey and AMCO.**

It is clear that Howrey and AMCO are both culpable for Howrey's refusal to comply with the Court's March 18, 2005 Order requiring that "all subpoenaed material be turned over."  The Order is directed principally at Howrey, the target of FNC's subpoena who has actual possession of the documents in question.  Howrey, however, has chosen to follow AMCO's improper instructions to resist disclosure, rather than to obey the Order of this Court requiring that it disclose the eValu patent file to FNC.  Howrey should not be excused because its disobedience was mandated by its client's instructions.

AMCO, on the other hand, is clearly at the root of the problem and is willfully violating the Order while instructing Howrey to follow suit.  In addition to Howrey, the Court's March 18, 2005 Order was also directed at AMCO, because documents in the custody of AMCO's counsel are within *AMCO's* custody, possession or control by virtue of AMCO's legal right to obtain the documents.[1]  However, instead of ensuring the production of documents over which it exercises a legal right as directed by the Court, AMCO has – consistent with its conduct to date – done exactly the opposite and instructed Howrey to resist disclosure apparently at all costs.

Thus, both AMCO and Howrey have had a duty to obey the Court's March 18, 2005 Order and turn over the eValu patent file to FNC, yet both have willfully failed to do so.  Therefore, both AMCO and Howrey should be held in contempt of the Court's Order and sanctioned accordingly.

---

[1] *See e.g.*, *Gen. Env. Science Corp. v. Horsfall*, 136 F.R.D. 130, 133 (N.D. Ohio 1991) ("In the context of Rule 34, 'control' is defined not only as possession, but as the legal right to obtain the documents requested upon demand"); *Central States, Southeast v. R-W Service System, Inc.*, 742 F.2d 1454 (6th Cir. 1984) ("Inspection can be had if the party to whom the request is made has the legal right to obtain the document, even though in fact he has no copy"); *Hobley v. Burge*, Case No. 03 C 3678, 2005 U.S. Dist. LEXIS 911, *29 (N.D. Ill., January 12, 2005) ("Documents in the possession of a party's former attorneys are documents in that party's control for purposes of Rule 34(a)"), citing *Restatement (Third) of the Law Governing Lawyers* §46(2) and (3) (2000) (attached as Exhibit K); *Axler v. Scientific Ecology Group, Inc.*, 196 F.R.D. 210, 212 (D. Mass. 2000) ("a party must produce otherwise discoverable documents that are in his attorneys' possession, custody or control"), *citing* 8A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, §2177 (1994) at 318-19.

**C.     Contempt Sanctions are Required to Secure Compliance with the Court's Order.**

Given AMCO's demonstrated willingness to ignore the Court's orders, and Howrey's apparent propensity to follow AMCO's instructions, only a meaningful sanction would seem likely to secure compliance. Further, FNC has now been forced to engage in significant motion practice because of AMCO and Howrey's disobedience, all of which occurred *after* the Court had determined in its December 17, 2004 discovery order that the patent materials should be produced. FNC therefore requests that the Court impose a sanction that both coerces compliance and compensates FNC for its costs. FNC respectfully suggests that the Court set an absolute deadline for production and impose an automatic *per diem* fine in the event that AMCO and Howrey do not comply. FNC further requests that the Court require AMCO and Howrey to pay FNC's fees and costs in bringing this motion and in responding to AMCO's meritless motion to quash the Howrey subpoena.[2]

The Court is empowered to fashion the relief that FNC is seeking, both to coerce compliance and compensate the aggrieved party. *See e.g., Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 595 fn. 5 (6th Cir. 1999) ("On one hand, civil contempt is used to enforce, through coerciveness, compliance with a court's order. On the other hand, civil contempt can be used to compensate a party who has suffered unnecessary injuries or costs because of the contemptuous conduct"); *Electrical Workers Pension Trust Fund of Local Union #58, IBEW v. Gary's Electric Service Co.*, 340 F.3d 373, 385 (6th Cir. 2003) ("judicial sanctions can be used not only to coerce compliance, but also to compensate the complainant; a federal court's discretion includes the power to frame a sanction to fit the violation").

---

[2] In the event of an award of fees and costs, FNC will submit an affidavit setting forth the fees and expenses it has incurred so that a specific amount may be entered.

The use of *per diem* fines is a common coercive sanction. *See e.g.*, *Yashinsky*, 170 F.3d at 595-596 (concluding that imposition of $100 *per diem* fine against contemnor was proper coercive sanction while the underlying order was in effect). Further, a substantial fee award is appropriate for bad faith litigation conduct. *See e.g.*, *Chambers*, 501 U.S. at 45 ("a court's discretion to determine the degree of punishment for contempt permits the court to impose as part of the fine *attorneys' fees representing the entire cost of the litigation*") (emphasis added); *Liberis v. Craig*, 845 F.2d 326, (affirming district court's reliance on its "inherent judicial authority to impose attorneys' fees as a sanction for civil contempt"); *Yashinsky*, 170 F.3d at 595-597 (affirming award of attorneys' fees as compensatory element of contempt sanction).

In the alternative, FNC requests that the Court consider dismissal of AMCO's claims as a sanction. As detailed above, AMCO is already the subject of a Motion for Sanctions (Dkt. 21) relating to its total failure to cooperate in discovery and comply with numerous Court orders. As the authorities cited in FNC's Motion for Sanctions indicate, dismissal is an entirely appropriate remedy given AMCO's persistent and willful disobedience of the Civil Rules and multiple Court orders. AMCO has been warned repeatedly and has known for several months that its conduct could subject it to dismissal and an award of defense costs. Its improper instructions to Howrey only add to the gravity of its misconduct. While the Court is already considering dismissal based on FNC's pending motion, AMCO's contempt provides an independent ground for such a result in the event that the Court believes lesser sanctions would be insufficient.[3]

---

[3] *See e.g.*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (recognizing that courts have "the ability to fashion an appropriate sanction for conduct which abuses the judicial process," including "outright dismissal of a lawsuit"); *Bibbins v. Titlemax*, Case No. 1:02 CV 367, 2004 U.S. Dist. LEXIS 25543, *7-8 (E.D. Tenn., July 30, 2004) ("the Court has the inherent authority and discretion to fashion an appropriate sanction [against litigants] based on [their] history of bad faith litigation, including [their] failure to comply with court orders") (attached hereto as Exhibit L).

## CONCLUSION

For the foregoing reasons, FNC, Inc. respectfully requests that this Court enter an Order finding AMCO and Howrey in contempt of its March 18, 2005 Order, and, as a sanction for that contempt:

1)  Set a deadline for Howrey's production of all documents responsive to FNC's subpoena and thereafter impose a daily fine against AMCO and Howrey, to accumulate each day until a complete production is made, and award all of FNC's fees and costs incurred in connection with this motion and with its response to AMCO's motion to quash; or, in the alternative,

2)  Dismiss AMCO's claims against FNC with prejudice and award FNC all of the defense costs and fees it has incurred in this action.

Respectfully submitted,

/s/ Horatio G. Mihet
Stephen D. Williger (0014342)
  *Stephen.Williger@ThompsonHine.com*
Robert F. Ware (0055515)
  *Robert.Ware@ThompsonHine.com*
Horatio G. Mihet (0075518)
  *Harry.Mihet@ThompsonHine.com*
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
(216) 566-5500 – Phone
(216) 566-5800 – Fax

Attorneys for Defendant, FNC, Inc.

8

## CERTIFICATE OF SERVICE

The foregoing *Defendant FNC, Inc.'s Motion for Contempt Sanctions*, and *Memorandum in Support*, was filed electronically with the Court this 17th day of May 2005.  Service will be made upon all parties of record via the Court's electronic notification system.  In addition, a copy of the foregoing pleadings has been served, via regular U.S. Mail, postage prepaid, this 17th day of May 2005 upon:

Michael J. Bell, Esq.
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004-2402

/s/ Horatio G. Mihet
Attorney for Defendant, FNC, Inc.