UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **APPRAISAL MANAGEMENT COMPANY III, LLC dba AMCO,** ) | **CASE NO. 1:04 CV 1158** |
| ) | |
| **Plaintiff,** ) | **JUDGE NUGENT** |
| ) | |
| **v.** ) | |
| ) | |
| **FNC, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## FNC'S REPLY IN SUPPORT OF MOTION FOR CONTEMPT SANCTIONS

AMCO seeks to avoid contempt sanctions by announcing its recent "decision" to allow its patent counsel, Howrey Simon Arnold & White, LLP ("Howrey"), to produce documents in response to FNC's subpoena.  Leaving aside the fact that AMCO has no discretion to decide this issue – the Court having denied AMCO's motion to quash the subpoena and ordered the production of the subject documents on March 18, 2005 – AMCO's belated promise does not render FNC's motion moot.

While FNC ultimately did receive a production of documents from Howrey on June 21, 2005 (one day before the deadline for this Reply), FNC has not yet determined whether the production is complete.  It does appear from the privilege log that was provided that numerous documents have been withheld without a clear explanation of the specific ground for asserting privilege (a copy of the privilege log is submitted as Exhibit 1).  The Court's March 18 Order stated that Howrey was required to turn over all subpoenaed documents with the exception of privileged materials and that the Court would then "review privilege claims if properly

presented."  Given the Court's Order, and the nature and scope of the privileged material that has been withheld, FNC requests that the documents be submitted to the Court for an *in camera* inspection so that the review required by the March 18 Order can be accomplished.

FNC further requests that the Court impose monetary sanctions against AMCO for its intentional obstruction of discovery and disobedience of the Court's Order.  As related in FNC's contempt motion, it appeared from Howrey's communications that its refusal to produce documents was based on directions it received from AMCO.  AMCO's opposition makes clear that this was in fact the case:  it admits that Howrey's ultimate production occurred because AMCO had made a "decision" to comply with the Court's Order.

AMCO's contends that its sudden decision to allow its patent counsel to produce documents – a decision that comes *six months* after FNC served its subpoena on Howrey and with only days remaining in the discovery period – should render FNC's motion moot.  AMCO, not surprisingly, chooses to ignore the harm that its conduct has caused.  FNC has incurred substantial expenses in fruitless attempts to obtain compliance with the subpoena, and later with the Court's Order, through discussions and letters.  FNC has been required to defend a frivolous motion to quash and ultimately was forced to file a motion for sanctions before AMCO relented from its ridiculous position.  Further, FNC has taken multiple depositions without the benefit of these important documents, and it now has no time left in discovery to seek further depositions or subpoena additional documents based on the information finally produced.

AMCO's refusal to comply with its discovery obligations, its intentional interference with Howrey's document production, and its disregard of Court Orders that made clear from the start that its patent files should be produced, cannot be erased based on its eleventh hour decision to allow production of a few hundred pages of documents.  Substantial damage and prejudice has been visited upon FNC based on this conduct, and AMCO should be forced to account for it.

Therefore, FNC requests that the Court consider an appropriate sanction which should, at the very least, include payment by AMCO of FNC's costs and expenses incurred in obtaining Howrey's compliance with the subpoena. Moreover, FNC should be permitted to conduct remedial depositions of AMCO witnesses, and any other discovery that is necessary based on the late disclosed information, beyond the close of the discovery period on July 1, 2005.

The imposition of sanctions under these circumstances is authorized under Fed. R. Civ. P. 37(a)(4)(A), which provides that an award of expenses and attorneys' fees is warranted when a motion to compel production is granted "*or if the disclosure or requested discovery is provided after the motion was filed . . .*" (emphasis added). The intent of this provision is obvious: a party should not be able to avoid sanctions by providing requested discovery only after the opposing party has been forced to file a motion seeking the discovery. AMCO's conduct in resisting discovery for six months is clearly deserving of an appropriate sanction, which should include FNC's expenses and attorneys' fees at the very least.

## CONCLUSION

For the foregoing reasons, in light of Howrey's belated production of documents, FNC now respectfully requests that the Court enter an Order as follows:

1) Requiring Howrey to submit the documents it has withheld as privileged to the Court for an *in camera* inspection to permit an evaluation of AMCO's privilege claims as contemplated by the Court's March 18, 2005 Order, and

2) Imposing sanctions against AMCO for its willful obstruction of discovery and disobedience of the Court's Order, including (a) an award of FNC's fees and costs incurred in connection with this motion, its response to AMCO's motion to quash, and its efforts to obtain compliance with the subpoena, (b) permission for FNC to conduct at AMCO's expense remedial depositions and other discovery made

necessary by AMCO's refusal to provide requested documents in a timely manner, and (c) any other sanctions or relief that the Court deems appropriate.

                Respectfully submitted,

                /s/ Robert F. Ware
                Robert F. Ware (0055515)
                  *Robert.Ware@ThompsonHine.com*
                Horatio G. Mihet (0075518)
                  *Harry.Mihet@ThompsonHine.com*
                **THOMPSON HINE LLP**
                3900 Key Center
                127 Public Square
                Cleveland, Ohio 44114-1291
                (216) 566-5500 – Phone
                (216) 566-5800 – Fax

                Attorneys for Defendant FNC, Inc.

**CERTIFICATE OF SERVICE**

The foregoing *Defendant FNC, Inc.'s Motion for Contempt Sanctions*, and *Memorandum in Support*, was filed electronically with the Court this 22nd day of June 2005.  Service will be made upon all parties of record via the Court's electronic notification system.  In addition, a copy of the foregoing pleadings has been served, via regular U.S. Mail, postage prepaid, this 22nd day of June 2005 upon:

Michael J. Bell, Esq.
Howrey Simon Arnold & White, LLP
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004-2402

/s/ Robert F. Ware
Attorney for Defendant FNC, Inc.